**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARILYN T. FOX,

    Plaintiff,

vs.                                            Case No.  3:05-cv-148-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte.  On January 25, 2006, the undersigned entered an Order to Show Cause (Doc. 18) requiring Plaintiff to file her memorandum of law in support of the Complaint on or before February 1, 2006 and "to show cause by a written response why sanctions should not be imposed, including dismissal pursuant to Local Rule 3.10, for lack of prosecution due to the non-filing of the memorandum of law within the time prescribed by the Scheduling Order (Doc. 15)."  Plaintiff failed to respond and accordingly, the undersigned issued a second Order to Show Cause notifying Plaintiff that the case would be dismissed on Wednesday, February 22, 2006 unless Plaintiff filed her memorandum of law in support of the Complaint and provided a written response to the Court's Order to Show Cause. (Doc. 19).  Plaintiff filed her memorandum on February 21, 2006, however, failed to file a written response indicating why sanctions should not be imposed.  Therefore, the Court issued another Order on February 24, 2006 (Doc. 22) directing Plaintiff to file a

written response showing cause why sanctions should not be imposed for her failure to file the memorandum of law and failure to comply with the Court's Scheduling Order (Doc. 15) and the two Orders to Show Cause (Docs. 19 and 20) no later than Wednesday, March 8, 2006.  Plaintiff did not respond to this order.

The Court is extremely troubled by counsel for Plaintiff's complete disregard for the Court's orders entered in this case.  Complete disregard of a court order can not and will not be tolerated.  It should go without saying that parties and counsel must obey court orders.  Indeed, the Eleventh Circuit has noted: "[t]here are few mandates so plain as the command to obey the order of the court."  Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1208 (11th Cir. 1985).  When attorneys fail to obey court orders, the courts have numerous tools at their disposal.  Indeed, the Federal Rules of Civil Procedure provide several avenues for the courts to punish attorneys and parties who fail to conduct themselves in an appropriate manner.[1]

Additionally, federal courts have the inherent power to impose sanctions against "'errant lawyers practicing before'" them.  Kleiner, 751 F.2d at 1209, quoting, Flaska v. Little River Marine Construction Co., 389 F.2d 885, 888 (5th Cir. 1968); see also, Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1446 (11th Cir. 1985) ("It is beyond

---

[1] These avenues include: Rule 11 (courts may sanction an attorney for filing baseless papers); Rule 16 (courts may sanction an attorney for failure to participate in pretrial conference or abide by pretrial order); Rule 26(g) (courts may sanction an attorney for improper discovery requests or objections); Rule 37(allowing courts to sanction parties and attorneys for various discovery abuses, including failure to obey court orders); and Rule 41(b) (allowing courts to dismiss an action or claim of a party for failure to prosecute, to comply with the Federal Rules, or to obey an order of the court).

peradventure that all federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers ..."). As one court has noted, the inherent powers of federal courts are comprehensive and include, among others, the power to dismiss a lawsuit or enter a default judgment (see Link v. Wabash R. Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 1389 (1962)); to impose fines or assess attorneys fees (see Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1547 (11th Cir. 1993) (imposing fine on attorney), cert. denied, 510 U.S. 863, 114 S.Ct. 181 (1993); Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 2133 (1991) (holding courts have inherent authority to assess attorneys fees against counsel)); and to disbar or suspend attorneys practicing before them (see Chambers, 501 U.S. at 43, 111 S.Ct. at 2132 (citing, Ex parte Burr, 22 U.S. 529 (1824)).

In this case, the Court believes it is appropriate to fine counsel rather than to punish Plaintiff for the conduct of her attorney. The Court will accept Plaintiff's untimely filed memorandum and directs Defendant to file her legal memorandum no later than April 30, 2006. The Court will require counsel for Plaintiff to pay a fine of $500.00 into the Court's registry to help defray the costs associated with his inability to comply with orders. This fine shall be paid to the Clerk of the Court for the Middle District of Florida no later than close of business, Friday, March 24, 2006. Counsel should issue a check in the amount of $500.00 to the Clerk, U.S. District Court, to be deposited into the registry of the Court. Counsel for Plaintiff is warned that failure to comply with this Order will result in further sanctions, including the possibility of a finding of contempt.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  9th  day of March, 2006.

                                                  *Monte C. Richardson*
                                                  MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record