UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARILYN T. FOX,

    Plaintiff,

vs.                                              Case No.  3:05-cv-148-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. 37) filed June 10, 2008.  Plaintiff supplemented her Motion, pursuant to the Court's request, on June 18, 2008.  (Doc. 43).   The Commissioner does not oppose the proposed fee.   (Docs. 37 & 44).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for her client in this social security appeal (see Doc. 32, Final Order reversing and remanding case to Commissioner), has not collected any attorney's fees for his work on this case.  Upon remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff past-due social security disability insurance benefits in the amount of $49,337.52.  (Doc.43, p. 3).  Pursuant to 42 U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees.  In this case, the Commissioner did just that, setting aside $12,334.38l; however, $5,300.00 of this

amount has been paid to Susan Butler, a Social Security Disability Representative and non-attorney.  (Doc. 37, p. 2).  Pursuant to the contingent Fee Agreement entered into by Plaintiff and her attorney, Plaintiff's counsel now seeks a fee of $7,034.38 from the award of 25% of the past-due benefits.  (see executed fee agreement, Doc. 43, p. 4-5).  Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

"Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases.  Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee.  Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved.  Id.  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee.  Id.

The Court has now reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved, and finds that the contingent fee contract is reasonable in this case.[1]  Plaintiff's counsel is therefore entitled to an award of **$7,034.38.**

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Attorney's Motion for Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. 37) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, J. Nickolas Alexander, Jr., for representation of Plaintiff in this Court is **$7,034.38** and the Commissioner is ordered to pay said sum to J. Nickolas Alexander, Jr.  The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of June, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[1] The Court has also taken into account that the Commissioner has not objected to the instant fee request.  Thus, this decision should not be viewed as precedent in a case where the rate is contested.